## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ ) | | |
| BLUE SKY TOWERS II, LLC ) | | |
| d/b/a BSTMA II, LLC ) | | |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | CASE No. 1:19-cv-12333 | |
| ) | | |
| TOWN OF MASHPEE, ) | | |
| TOWN OF MASHPEE ) | | |
| PLANNING BOARD, and ) | | |
| MARY WAYGAN, JOSEPH CUMMINGS, ) | | |
| JOSEPH CALLAHAN, JOHN PHELAN ) | | |
| and DENNIS BALZARINI, ) | | |
| as they are members of the PLANNING ) | | |
| BOARD OF THE TOWN OF MASHPEE, ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

## <u>AGREEMENT FOR JUDGMENT</u>

This Agreement for Judgment is made this 7th day of January, 2020 by and among Blue Sky Towers II, LLC d/b/a BSTMA II, LLC ("Plaintiff" or "Blue Sky") and the Town of Mashpee, Town of Mashpee Planning Board, and Mary Waygan, Joseph Cummings, Joseph Callahan, John Phelan and Dennis Balzarini, in their capacities as members of the Planning Board of the Town of Mashpee ("Defendants"). All of the parties referenced above are collectively referred to as the "Parties".

WHEREAS, Blue Sky Towers II, LLC d/b/a BSTMA II, LLC commenced a civil action (Civil Action No. 1:19-cv-12333) in the United States District Court for the District of Massachusetts on November 13, 2019;

WHEREAS, the Plaintiff asserted claims against the Defendants arising out of the Defendants' denial of a special permit on October 16, 2019 for a 150-foot multi-user monopole type personal wireless service facility ("Facility") to be located at 101 Red Brook Road, Fire Station #2, in the Town of Mashpee, Commonwealth of Massachusetts identified on the Mashpee Assessors Maps as Map 104, Parcel 2 ("Property");

WHEREAS, in May of 2017, the Town of Mashpee issued a Request for Proposals for the lease of land to install a Facility on the Property, of which  Blue Sky was the successful bidder;

WHEREAS, Blue Sky and the Town of Mashpee entered into a Lease Agreement for approximately 100' x 100' square feet of ground space for the location of the Facility ("Lease");

WHEREAS, the Facility will consist of a 150-foot monopole type personal wireless service facility designed to accommodate four (4) wireless providers, which currently includes  signed letters of intent for the installation of equipment by two Federal Communications Commission licensed personal wireless service providers, Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") and T-Mobile Northeast, LLC ("T-Mobile) all within a 100' x 100' lease area, with 70' x 70' fenced compound all as shown on the plans submitted herewith as Exhibit A prepared by ProTerra Design Group, LLC dated December 06, 2019 ("Plans");

WHEREAS, the Cape Cod Commission approved the Facility as a Development of Regional Impact pursuant to the Cape Cod Commission Enabling Regulations on October 18, 2018, which approval is recorded in the Barnstable County Registry of Deeds in Book 31689, Page 331.

WHEREAS, the Cape Cod Commission, after a thorough analysis of the Radio Frequency reports and studies, testimony of the Radio Frequency Engineers for both Verizon Wireless and T-Mobile and review and confirmation by the Commission's retained wireless expert, concluded that the information provided by Blue Sky confirms the need for the facility at the proposed height and location to address coverage and capacity issues in this area of Mashpee and such information was presented to the Town of Mashpee Planning Board ("Board");

WHEREAS, after a thorough analysis of all existing structures and raw land, Blue Sky provided an alternative site analysis to the Cape Cod Commission who determined that no such alternative to the Facility exists,  whereupon this information and additional information on the lack of alternative sites was presented to the Board;

WHEREAS, despite an initial determination that no variance was necessary for approval of the Facility, the Board determined that a height variance was needed for a tower of up to 150 feet;

WHEREAS, the Town of Mashpee Board of Appeals granted a height variance on February 13, 2019 finding that there is a known condition of gap in cellphone coverage in the area of the proposed Facility and that the proposed height and location will significantly close this gap. The  Mashpee Zoning Board Appeals Decision for Variance V-2019-10 was filed with the Town of Mashpee Town Clerk on February 27, 2019 ("Variance Decision").

WHEREAS, the Variance Decision was appealed by a group of residents in Barnstable Superior Court (No. 1972CV130) on March 19, 2019, and said appeal is pending.

WHEREAS, §174-45.3(A) of the Town of Mashpee Zoning Bylaws states that "in accordance with the requirements of 47 U.S.C.  §332(c)(7)(B), and until these requirements are modified, amended or repealed, in regulating the placement, construction and modification of

personal wireless service facilities, the administration of this bylaw shall not be undertaken in a manner which unreasonably discriminates among providers of functionally equivalent services or prohibits, or has the effect of prohibiting, the provision of personal wireless services."

WHEREAS, the Telecommunications Act of 1996, codified at 47 U.S.C. §332(c)(7)(B) ("TCA"), states that a local authority cannot take any action that prohibits, or has the effect of prohibiting, the provision of personal wireless services;

WHEREAS, pursuant to Section 5-21 of the Town of Mashpee General Bylaws, the Selectmen shall be the agents of the Town to prosecute and defend suits to which the Town may be a party, and as agents of the Town, shall have full authority to prosecute or defend all suits at law or in equity and all civil proceedings to which the Town, or any Town officer in his/her official capacity, is a party or in which its rights, duties and interests may be the subject of adjudication;

WHEREAS, pursuant to Section 5-22 of the Town of Mashpee General Bylaws, the Selectmen shall have full authority, as agents of the Town, with the advice and consent of the Town Counsel, to compromise and settle all claims or suits against the Town if, in their opinion, such claims cannot be defended advantageously or successfully;

WHEREAS, on December 02, 2019, the Board of Selectmen determined that the prompt disposition/settlement of this action is fiscally prudent and would best serve the interests of public safety and convenience of the Town and its residents, and accordingly, it directed Town Counsel to promptly settle the action before this honorable court, notice of which determination was submitted to the Planning Board on December 03, 2019;

WHEREAS, the Parties agree with the evidence presented by Blue Sky, as corroborated by the Cape Cod Commission, that the proposed 150-foot Facility is the minimal height needed, that the Property is the only feasible location to place a Facility, and that the Facility must be

approved at the height and location shown on the Plans to avoid an effective prohibition under the TCA and the Mashpee Zoning Bylaws;

WHEREAS, the Parties desire to avoid further expense in connection with the present litigation and have agreed to settle on the terms contained herein and in the Final Judgment attached hereto as Exhibit B;

NOW THEREFORE, the Parties, through their counsel, stipulate and agree as follows:

1.  That Final Judgment, in the form attached hereto as Exhibit B shall enter, vacating the Defendants' denial and granting the special permit in accordance with the Plans.

2.  That further meetings, hearings or decisions would serve no useful purpose, and that the zoning relief necessary to permit the installation and operation of the Facility shall be ordered by the Court as agreed by the Parties and consistent with the Plans.  Further, the Parties stipulate and agree that the Final Judgment to be entered in this action shall operate as a grant of the requested special permit without the necessity of further action on the part of either the Town of Mashpee Planning Board or the Plaintiff, and said document shall be filed with the Barnstable County Registry of Deeds.

3.  In compliance with the Town of Mashpee Zoning Bylaws mandate for adherence to the TCA, a variance for the 150-foot height of the Facility is not necessary and the Final Judgment shall operate to approve the tower at the minimal height necessary, as shown on the Plans.

4.  In its capacity as Lessor under the Lease, the Town of Mashpee agrees to cooperate with Blue Sky in its effort to obtain all necessary permits and relief,  and shall take no action which would adversely affect the status of the Property with respect to the permitted use under the Lease.

5. The Final Judgment shall operate as a grant of a special permit permitting the Plaintiffs to construct a Facility substantially in accordance with the Plans, subject to the following conditions:

   a. The Plaintiff shall apply for and obtain a building, electrical, and any other required non-discretionary permits with the Town of Mashpee pursuant to and in accordance with all applicable rules, standards, and procedures prior to constructing the Facility. Upon the recording of the Final Judgment at the Barnstable County Registry of Deeds, the Town of Mashpee shall promptly issue said permits in accordance with this Agreement for Judgment and the Final Judgment.

   b. The Plaintiff shall permit the Town of Mashpee to install public safety antennas (for police, fire and emergency medical services) on the Facility and place its equipment within the ground space as shown on the Plans and as otherwise stipulated in the Lease. The Plaintiff shall not require the payment of rent for any such antennas or equipment so long as the Facility or any replacement thereof exists, provided however that: (i) the Town of Mashpee shall be responsible for all other costs associated with said equipment including but not limited to the purchase price of the equipment, installation, installation expenses, insurance, maintenance costs, and utilities and (ii) the Town of Mashpee shall enter into a mutually acceptable lease agreement with Blue Sky, which shall establish the specific terms and conditions for the co-location of the Town of Mashpee's equipment at the Facility.

c.   This Agreement for Judgment constitutes the entire agreement with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements.

d.   The Parties represent and warrant that this Agreement for Judgment has been duly authorized by all necessary votes, actions, and other requirements, and constitutes a legally binding obligation in accordance with its terms.   The undersigned counsel is duly authorized by their respective clients to execute, and do hereby execute, this Agreement for Judgment settling the present litigation.

e.   The Parties agree to cooperate and to act in good faith to accomplish the objectives of this Agreement for Judgment.

f.   Each Party shall bear its own costs and attorneys' fees.


**PLAINTIFF,**                                   **DEFENDANT,**
**BLUE SKY TOWERS II, LLC**          **TOWN OF MASHPEE ET AL.**
**D/B/A BSTMA II, LLC**                   By its Attorney,
By its Attorney,


  _/s/ Earl W. Duval_                              _/s/ Patrick J. Costello_
Earl W. Duval, Esq.                           Patrick J. Costello, Esq.
BBO# 565909                                   BBO # 543761
eduval@dkt-legal.com                      pcostello@lccplaw.com
Duval & Klasnick LLC                      Louison, Costello, Condon & Pfaff LLP
210 Broadway, Suite 204                 101Summer Street
Lynnfield, MA 01940                        Boston, MA 02110
(781) 873-0022                                 (617) 439-0305


Dated: January 7, 2020                     Dated: January 7, 2020